UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOHN FREITAS, et al. )
    Plaintiffs )
v. ) C.A. No. 15-cv-00450-M-LDA
)
PETER KILMARTIN, in his official capacity )
as Attorney General of the State of Rhode )
Island, and A.T. Wall II, in his official )
capacity as Director of the Department of )
Corrections of the State of Rhode Island. )
    Defendants )
)

ORDER

The issue before the Court is whether Defendants are entitled to a jury trial on Plaintiffs' claim for injunctive and declaratory relief. The Court concludes they are not and grants Plaintiffs' Motion to Strike Demand for Trial by Jury. (EFC No. 11).

Plaintiffs are level-three[1] sex offenders within the meaning of Rhode Island's Sexual Offender Registration and Community Notification Act (SORCNA). They challenge the constitutionality of a recent amendment to that Act, which increased the residence restrictions applicable to them. Originally enacted in 1996, SORCNA required certain individuals convicted of enumerated offenses to register their residences with the state. In 2008, the R.I. General Assembly amended SORCNA to prohibit persons subject to its terms from residing within three hundred feet of any

---

[1] Level-three sex offenders are individuals with a high risk to re-offend, as determined by the sex offender board of review. R.I. Gen. Laws § 11-37.1-12(b)(3).

school. In 2015, the General Assembly again amended the statute to prohibit level-three sex offenders from residing within one thousand feet of any school. R.I. Gen. Laws § 11-37.1-10(d) ("Any level-three (3) sex offender who knowingly resides within one thousand feet (1,000') of any school, public or private, shall be guilty of a felony and, upon conviction, may be imprisoned for not more than five (5) years, or fined not more than five thousand dollars ($5,000), or both."). Plaintiffs' residences are more than three hundred, but less than one thousand, feet away from a school. Because of the newly amended statute, they are prohibited from continuing to live at their residences. They allege this prohibition is unconstitutional.

Plaintiffs filed a complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983, seeking a declaration that the new SORCNA amendment violated the United States Constitution, and an injunction preventing its enforcement. Plaintiffs did not seek damages and did not demand a jury trial. Defendants demanded a jury trial in their Answer (ECF No. 9), and Plaintiffs moved under Fed. R. Civ. P. 12(f) to strike the Defendants' demand. (ECF No. 11). Defendants then filed an opposition, (ECF No. 26), and Plaintiffs a reply memorandum. (ECF No. 30).

The Seventh Amendment preserves the right of trial by jury in suits at common law, where the value in controversy exceeds twenty dollars. U.S. Const. amend. VII. Prior to the adoption of the amendment, juries were customary in English law courts, but not in courts of equity or admiralty. *Tull v. United States*, 481 U.S. 412, 417 (1987). The United States Supreme Court has interpreted the amendment to preserve the right to a jury trial in the types of suits that would have

been tried in the English law courts, including for analogous statutory causes of action, but not in other types of civil actions. *Id.*

"To determine whether a statutory action is more similar to cases that were tried in courts of law than to suits tried in courts of equity or admiralty, the Court must examine both the nature of the action and of the remedy sought." *Id.* This is done by a two-part test. First, courts analogize the statutory action to 18th-century actions brought in English courts before the merger of law and equity. *Id.* Second, courts look at whether the remedy sought is "legal or equitable in nature." *Id.* The second "stage of the analysis is more important than the first stage." *Braunstein v. McCabe*, 571 F.3d 108, 118 (1st Cir. 2009).

"It is undisputed that when the Seventh Amendment was adopted there was no action equivalent to § 1983, framed in specific terms for vindicating constitutional rights." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709 (1999). The Court therefore moves to the second, more important, stage of analysis — evaluating the remedies sought. Here, Plaintiffs seek injunctive and declaratory relief. An injunction is the quintessential equitable remedy, and it is "settled law that the Seventh Amendment does not apply" in suits seeking only injunctive relief. *Id.* at 719. The remaining issue therefore is whether Plaintiffs' request for declaratory relief triggers the right to a jury trial. It does not.

Suits for declaratory relief "are neither inherently legal nor inherently equitable." *El Dia, Inc. v. Hernandez Colon*, 963 F.2d 488, 493 (1st Cir. 1992). In determining when a specific suit seeking declaratory relief triggers the right to a

3

jury trial, decisions interpreting the Declaratory Judgment Act are instructive. One party cannot use the Declaratory Judgment Act to circumvent the other party's Seventh Amendment right to a jury trial by bringing a preemptive action seeking declaratory relief. *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 504 (1959); *see also MedImmune, Inc. v. Genetech, Inc.*, 535 F.Supp.2d 1020, 1024 (C.D. Cal. 2008). But when no jury trial right is being circumvented, a demand for declaratory relief does not endow the opposing party with such a right. *See Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1189 (3d Cir. 1979).

Plaintiffs are not circumventing Defendants' Seventh Amendment right to a jury trial by seeking declaratory relief in this case. Defendants could not have brought a civil suit for legal damages if Plaintiffs had not brought their suit first. The only way the issues in this case could have otherwise been litigated would have been in a criminal prosecution, which does not implicate the Seventh Amendment right to a jury trial at all. Just as in *El Dia*, Plaintiffs here seek declaratory and injunctive relief on a constitutional challenge, which allows us to "conclude, without serious question, that this suit is equitable in nature and, therefore, governed by traditional principles of equity jurisprudence." 963 F.2d at 493. Defendants are not entitled to a trial by jury.

After a careful examination of the memoranda submitted and the relevant case law, it is clear that Defendants are not entitled to a jury trial. The Plaintiffs' Motion to Strike (ECF No. 11) the demand for a jury trial is GRANTED.

SO ORDERED:

_____
John J. McConnell, Jr.
United States District Judge

July 14, 2016