UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THEODORE CHAPDELAINE,  )
FREDERICK KENNEY, and  )
RICHARD MOREAU,  )
    Plaintiffs,  )
)
v.  )
)    C.A. No. 15-450-JJM-LDA
PETER NERONHA, in his official  )
capacity as Attorney General of the  )
State of Rhode Island, and PATRICIA  )
A. COYNE-FAGUE, in her official  )
capacity as Director of the Rhode  )
Island Department of Corrections,  )
    Defendants.  )

ORDER

The Plaintiffs have asked this Court to revisit its denial of their motion for class certification. ECF No. 45. The Defendants (collectively, "the State") oppose the renewed motion. ECF No. 51.

The Plaintiffs' motion derives from a fear that the case may become moot if named plaintiffs can no longer prosecute the case. *See* ECF No. 45-1 at 16-21. They base this concern on the fact that circumstances have forced previous Plaintiffs to drop out of this lawsuit because they have either died, are no longer subject to the challenged statute, or have otherwise become unavailable. *Id.* The State objects asserting that the Court should deny certification when a class is not needed to obtain the same relief that an injunction would provide. ECF No. 51-1 at 4 (citing *Dionne v. Bouley*, 757 F.2d 1344 (1st Cir. 1985)). This was the basis for this Court's original

ruling denying class certification. ECF No. 21. The Court cautioned them that "[i]f the circumstances of this case change in the future, the Plaintiffs are free to file a renewed motion for class certification." *Id.* at 2.

## ANALYSIS

"To obtain certification of a class, Plaintiffs must establish the prerequisites of [Fed. R. Civ. P.] 23(a) and fall within one of the categories of [Fed. R. Civ. P.] 23(b)." *Garcia-Rubiera v. Calderon*, 570 F.3d 443, 461 (1st Cir. 2009). The Court finds that the Plaintiffs' proposed class satisfies all the prerequisites of Fed. R. Civ. P. 23(a). With over 300 individuals meeting the description of the proposed class (level three sex offenders currently living in Rhode Island), numerosity is satisfied. Common questions of law or fact will be shared among the proposed class because housing choices for each class member are impacted by the residency prohibitions of R.I.G.L. §11-37.1-10(d). Additionally, the representative parties' claims are typical of the class and no conflicts of interest have been uncovered that call in doubt the representative parties' ability to fairly and adequately represent the class.

The requirements of Fed. R. Civ. P. 23(b)(1) are also met. There is a substantial risk of inconsistent or varying adjudications that will result in incompatible standards if separate claims are brought by individuals. *See* Fed. R. Civ. P. 23(b)(1).

The Court also finds that circumstances have changed since it denied class certification over 3½ years ago. The lead Plaintiff, John Freitas, passed away. Another Plaintiff, Richard Moreau, was added in response to a determination that his family residence fell within 1000 feet of a local school. Two of the Plaintiffs, Troy

Porter and Derrick Lee Jenkins, determined that they would not participate and were voluntarily dismissed. Another Plaintiff, Michael Clinton, has relocated out of state, leaving just two of the original Plaintiffs and the later-added Plaintiff Moreau to proceed on the merits. ECF No. 45-1 at 16-21. The amendments to date show that "there is a danger that the individual claims might be moot."[1] *Dionne*, 757 F.2d at 1356. This concern of mootness coupled with the fact that "class certification does not impose any significant burden" on the Court, renders a denial of class certification improper. *See id.; see also Gayle v. Warden Monmouth County Correctional Institution*, 838 F.3d 297, 310 (3d Cir. 2016) ("[t]he circumstances in which classwide relief offers no further benefit, however, will be rare, and courts should exercise great caution before denying class certification on that basis."). The Court thus grants Plaintiffs' renewed motion for class certification.

For the reasons stated, the Court GRANTS Plaintiffs' Renewed Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 45) and orders under Fed. R. Civ. P. Rule 23(a) and 23(b) the following:

(1) The following class is hereby certified:

> All persons currently residing in, and those who may in the future relocate to, the State of Rhode Island who were or are convicted of offenses that require registration under the Sexual Offender Registration and Community Notification Act of the State of Rhode

---

[1] The addition of the Rhode Island Housing Advocacy Project ("RIHAP") as an associational plaintiff does not protect against the concern of mootness to the same extent as class certification. Without class certification, unnamed plaintiffs in the class would be unable to continue the proceeding (aside from appealing the denial of certification) if the claims of the named Plaintiffs became moot. *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 404 (1980).

Island, chapter 11-37.1 of the General Laws of the State of Rhode Island, and have been, or will be, assigned to "tier" or "level" 3 and are therefore subject to the Residency Prohibition and the 2020 Residency Prohibition contained in §11-37.1-10(d). Excluded from the class are any persons as to whom a criminal charge or indictment for alleged violation of the Residency Prohibition is pending.

(2) The Court designates the individual Plaintiffs as Class Representatives; and

(3) The Court appoints Attorneys Lynette J. Labinger and John E. MacDonald as Class Counsel for the Plaintiff Class.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

October 31, 2019